UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| THOMAS D. HIGHLAND, | ) | CASE NO. 1:11 CV 0453 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SCOTT T. FORD, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

  Pro se plaintiff Thomas D. Highland filed this in forma pauperis action against Alltell Chief Executive Officer Scott T. Ford, and Alltell Corporation. Mr. Highland is alleging invasion of privacy and harassment.[1] For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

  Mr. Highland's complaint is extremely difficult to discern. The single paragraph complaint appears to state: "38 years of age to 62 years of age with stowaways *** cockswains- Kenneth ***& Associates- in the crews next of the ***." In an letter included in the complaint attachment, Mr. Highland advises that "I have advanced the winter causes of action prior to my 62nd birthday." He staples what appears to be 6 original family photographs to the letter. Only

---

[1] The Court relied on paragraph VI, "Cause of Action" on page one of Mr. Highland's Civil Cover Sheet to discern his underlying claim.

one photograph identifies the individual with a handwritten notation: "Tom 1996." Beyond this, the Court cannot determine what facts support Mr. Highland's potential claims.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Mr. Highland does not specify any statutory basis for this court's jurisdiction. If the complaint is alleging invasion of privacy and harassment, Mr. Highland does not provide any basis upon which this Court, rather than the State court, can assert jurisdiction.

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Therefore,"when the facts

---

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

alleged rise to the level of the irrational or wholly incredible ..." dismissal is appropriate. Denton v. Hernandez, 504 U.S. 25 (1992).

Further, legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the complaint does not contain allegations reasonably suggesting Mr. Highland might have a valid federal claim against these defendants.

Accordingly, Mr. Highland's application to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

Dated: June 22, 2011  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.